IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BATTLE-ABC, LLC,

                Plaintiffs,

   vs.

SOLDIER SPORTS, LLC

                Defendant

Case No. ___18-508___

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff Battle-ABC, LLC ("Battle-ABC") alleges as follows:

## INTRODUCTION

1. Battle-ABC manufactures and sells a revolutionary mouth and lip guard, the "Oxygen Lip Protector," which protects the teeth and lips of athletes engaged in physical activities.  In addition, the Oxygen Lip Protector is designed in such a way to allow a user to have unobstructed breathing while the mouth guard is in place, and similarly, to allow a user to re-hydrate while wearing the mouth guard.

2. The Oxygen Lip Protector is protected by a broad range of intellectual property rights, including utility patents, trademark and trade dress rights.

3. The Defendant, Soldier Sports, LLC, is owned and/or managed by one of the inventors of the Oxygen Lip Protector, Jeffrey Evans ("Evans").

4. Evans transferred his interest in the patents in suit and is well aware of their existence and claims. Nonetheless, through an enity he controls, Defendant Soldier Sports, Evans is selling and offering for sale lip protectors, knowing that these products infringe upon the rights of Battle-ABC.

5. Through this action, Battle-ABC seeks to stop Soldier Sports' illegal conduct and to obtain damages and equitable relief for the intellectual property violations that have occurred to date.

## THE PARTIES

6. Battle-ABC is a Nebraska limited liability company having its principal place of business in Omaha, Nebraska.

7. Soldier Sports is a Nebraska limited liability company having its principal place of business in Omaha, Nebraska.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

9. This Court has personal jurisdiction over Soldier Sports because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places the Accused Products into the stream of commerce, with the knowledge or understanding that such products are sold in this District. The acts of infringement by Soldier Sports cause injury to Plaintiff within this District. Soldier Sports is incorporated and has its principal place of business in Nebraska.

10. Venue is proper within this District under 28 U.S.C. §§ 1391 (b) and (c) because Soldier Sports is deemed to reside in this District and offers for sale in this District products that infringe the Plaintiff's patents. In addition,

venue is proper because Plaintiff's principal place of business is in this District and Plaintiff has suffered harm in this District.

## BACKGROUND

11.    Battle-ABC designs and sells a range of athletic equipment and apparel, including mouth and lip guards.

12.    In or around 2011, a predecessor to Battle-ABC developed an innovative and distinctive design for athletic mouth guards, the Oxygen Lip Protector.   Until the Oxygen Lip Protector was developed, most lip protector mouth guards were compromised of one solid piece of molded plastic with very small or no breathing holes.

13.    Battle-ABC is a successor in interest to all intellectual property rights associated with the Oxygen Lip Protector.

14.    Battle-ABC's intellectual property rights for the Oxygen Lip Protector include the following patents (the "Asserted Patents"):

| Patent Number | Title |
|---|---|
| 8,931,488 (the "'488 Patent" (attached hereto as Exhibit A) | Mouth Guard with Breathing and Drinking Aperture |
| 9,333,413 (the "'413 Patent) (attached hereto as Exhibit B) | Mouth Guard with Breathing and Drinking Aperture |

## INFRINGEMENT OF PLAINTIFF'S PATENTS

15.    Soldier Sports causes the manufacture and/or import of, and sells or offers for sale, a range of products known as the Elite Air Lip Protector (collectively known as the "Accused Products").

16.     Soldier Sports' infringement of the Asserted Patents provides Soldier Sports with a considerable competitive advantage over non-infringers. Soldier Sports has not obtained permission from Plaintiff to use the inventions claimed in the Asserted Patents.

**FIRST CLAIM FOR RELIEF – INFRINGEMENT OF THE '488 PATENT**

17.     Plaintiff realleges paragraphs 1 through 16 of the Complaint.

18.     The '488 Patent was duly and legally issued by the United States Patent and Trademark office on January 13, 2015 after full and fair examination.  Battle-ABC is the owner of the '488 Patent.

19.     Claim 1 of the '488 Patent recites a number of elements, including "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap."

20.     Soldier Sports has made, used, sold, and/or imported mouth guard products, including at least the Accused Products, that infringe at least claim 1 of the '488 Patent under 35 U.S.C. § 271(a).

21.     The Accused Products, as shown herein, include "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap" as recited by claim 1 of the '488 Patent.

22.     Soldier Sports had actual notice of the '488 Patent at least as early as 2015.

23.     On information and belief, Soldier Sports had actual or constructive notice of the '488 Patent at least as early as May 2016.

24.     Through its principal Jeff Evans, Soldier Sports was aware of the application that matured into the '488 Patent from its inception.

25.     Through its principal Jeff Evans, Soldier Sports had actual or constructive knowledge of the patent application that matured into the '488 Patent, and/or of the '488 Patent, prior to the filing of the present lawsuit.

**SECOND CLAIM FOR RELIEF – INFRINGEMENT OF THE '413 PATENT**

26.     Plaintiff incorporates and realleges paragraphs 1 through 25 of this Complaint.

27.     The '412 Patent was duly and legally issued by the United States Patent and Trademark Office on May 10, 2016 after full and fair examination. Battle-ABC is the owner of the '413 Patent.

28.     Claim 1 of the '412 Patent recites a number of elements, including: "a pair of spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap."

29.     Soldier Sports has made, used, sold, and/or imported mouth guard products, including at least the Accused Products, that infringe at least claim 1 of the '413 Patent under 35 U.S.C. §271(a).

30.     The Accused Products include "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and a "fluid gap" as recited by claim 1 of the '413 Patent.

31. Through its principal Jeff Evans, Soldier Sports had actual or constructive notice of the '413 Patent, or the application that matured into the '413 Patent, from its inception.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. A judgment that Soldier Sports has infringed one or more claims of each of Plaintiff's Asserted Patents.

b. An order and judgment preliminarily and permanently enjoining Soldier Sports and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the Asserted Patents.

c. A judgment awarding Plaintiff all damages adequate to compensate for Soldier Sports' infringement of the Asserted Patents, and in no event, less than a reasonable royalty for Soldier Sports' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law.

d. Increased damages, in an amount equal to up to three times the amount found or assessed, pursuant to 25 U.S.C. § 289, in view of the egregious behavior of the Defendant, namely, its principal's knowing infringement of the Asserted Patents by virtue of his having assigned the Asserted Patents after contributing to their invention;

e. Costs of suit and reasonable attorneys' fees.

f. Any other remedy to which Plaintiff may be entitled.

### Request for Place of Trial

Pursuant to NECivR 40.1(b), Battle-ABC requests trial of this matter at Omaha.

DATED this 26th day of October, 2018.

BATTLE-ABC, LLC, Plaintiff

By:   s/ Richard P. Jeffries
Richard P. Jeffries (#20089)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144
(402) 397-1700
rickjeffries@clinewilliams.com

4831-6310-9496, v. 1